JOHN PALMER, RESPONDENT, *v.* THOMAS C. PLATT, AS
   PRESIDENT OF THE UNITED STATES EXPRESS COMPANY, APPEL-
   LANT.

*Negligence — the rules applicable to the case of injuries caused by locomotives and rail-
   road cars do not apply to those caused by moving a truck on a platform — when the
   mere giving of a warning does not relieve the party from further responsibility.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The plaintiff recovered damages for injuries caused by being hit by a truck drawn by an employe of the defendant on or near the platform of the Erie railway, at Owego, when he was waiting for the departure of a train.

The court at General Term said : " Two questions are presented for our consideration : First. Was adequate warning of the approach

given by the employe; and, second. Was he drawing the truck so rapidly as to be dangerous.

" Disregarding the first question, which may be somewhat analogous to *Culhane* v. *New York Central and Hudson River Railroad Company* (60 N. Y., 137), and *McKeever* v. *New York Central and Hudson River Railroad* (MS., Ct. of Appeals, April 11, 1882; reported in Mem., 88 N. Y., ——), there was still enough evidence of reckless rapidity in the motion of the truck to carry the case to the jury.

" But upon neither point do we think the principles applicable to injuries caused by locomotives and railroad cars should control this case. The elements and sources of danger are very different. The power of control and of prevention are far greater in the case of a hand truck that may be moved in any direction and stopped at any moment. The impetus of great weight and momentum does not threaten danger. Besides the truck has no superior right to the platform. The traveler has, at least, an equal right. It is the duty of each to avoid the other. As the truck may do injury to travelers if it hits them, it is a duty to give warning of its approach that room may be made for its passage. Those who hear and heed the warning will get out of the way. But the giving of warning is not the only duty of him who draws the truck. He must move it carefully and prudently upon the platform so as not needlessly to expose anyone to danger; and he should also be constantly upon the alert not to strike those who for any reason are not aware of their danger. One driving a carriage through a crowded road would not be excused for running over persons who did not hear his warning, while he could see their danger and avoid it by stopping or changing his course. So in this case it may not have been sufficiently careful and prudent for Rupple to have given his warning and then, as he says, stop for nobody and hit anybody that was in the way without any further thought or care on his part. Especially is that a subject for consideration where the warning and the danger occur on a crowded platform while running to and fro with haste and excitement of passengers getting on or off train, perhaps with steam escaping from locomotives, with bells ringing, horses and carriages coming and going. All travelers know that such experiences are common. It would not be prudent, then, to establish as a rule of

law that baggage carts or express trucks might. be run over plat-forms, if adequate warning were given, and no responsibility arise from reckless or indifferent conduct in other respects."

*Wm. C. De Witt*, for the appellant.

*David B. Hill*, for the respondent.

Opinion by BOARDMAN, J.; LEARNED, P. J., and BOOKES, J., concurred.

Judgment and order affirmed, with costs.